IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMY M. KOHLWEY,

                             OPINION AND ORDER

                Plaintiff,

                                19-cv-215-bbc

      v.

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Amy M. Kohlwey is seeking review of a final decision denying her claim for disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). (I have amended the caption to reflect the fact that the new Commissioner of Social Security is Andrew Saul.) The administrative law judge found that plaintiff had several severe impairments, including degenerative disc disease, depression and anxiety, but that she could still perform work in the national economy despite her impairments. Plaintiff contends that the administrative law judge erred by: (1) failing to adequately incorporate plaintiff's mental limitations related to concentration, persistence and pace into the residual functional capacity assessment and the hypothetical question presented to the vocational expert; and (2) failing to adequately address plaintiff's subjective complaints about her pain. For the reasons explained below, I am not persuaded by plaintiff's arguments. Therefore, I will affirm the commissioner's decision.

      The following facts are drawn from the administrative record (AR).

BACKGROUND

Plaintiff Amy M. Kohlwey was born in 1976, making her 39 at the time she filed for disability insurance benefits in December 2014. Plaintiff stated that she had been disabled since March 2014 by numerous physical and mental impairments, including back and neck pain, depression and anxiety. Her application was denied initially and on reconsideration, and plaintiff requested a hearing before an administrative law judge. After the hearing, the administrative law judge issued a written decision concluding that plaintiff was not disabled. AR 16-26.

The administrative law judge following the five-step sequential evaluation of disability set out by the regulations. 20 C.F.R. § 416.920. At step one, the administrative law judge found that plaintiff had not engaged in substantial gainful activity since applying for disability. AR 18. At steps two and three, the administrative law judge found that plaintiff had a number of severe impairments, including menorrhagia, ankylosing spondylitis, plantar fasciitis, degenerative disc disease of the cervical and lumbar spine, obesity, affective disorders and anxiety disorder, but that none of those impairments met or equaled the severity criteria of a listed impairment. AR 17-18. At step four, the administrative law judge found that plaintiff had the residual functional capacity to perform less than the full range of light work, with the following limitations:

> push and/or pull up to 10 pounds frequently, sit for up to six hours in an eight-hour workday, and stand and/or walk for up to six hours in an eight-hour workday. Psychiatrically, the claimant is limited to simple, routine, and repetitive work with only occasional contact with coworkers and the public.

AR 20.  At steps four and five, the administrative law judge determined that plaintiff could

not perform her past relevant work, but that based on vocational expert testimony, plaintiff

could perform a significant number of jobs in the national economy.  AR 24-25.

In January 2019, the appeals council denied plaintiff's request for review, AR 2-4,

making the administrative law judge's decision the final decision of the commissioner.

Plaintiff then filed this lawsuit under 42 U.S.C. § 405(g).


OPINION

Plaintiff contends that the administrative law judge erred in two ways.  First, by

failing to adequately incorporate plaintiff's mental limitations related to concentration,

persistence and pace into the residual functional capacity assessment and the hypothetical

question presented to the vocational expert.  Second, by failing to consider plaintiff's

subjective account of her pain and limitations.

In reviewing the administrative law judge's decision with respect to these two

arguments, I must determine whether the decision is supported by "substantial evidence,"

meaning "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion."  Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted).

This deferential standard of review "does not mean that we scour the record for supportive

evidence or rack our brains for reasons to uphold the ALJ's decision."  Id.  The

administrative law judge must identify the relevant evidence and build a "logical bridge"

between that evidence and the ultimate determination.  Id.  See also Briscoe ex rel. Taylor

v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he ALJ must . . . explain his analysis

of the evidence with enough detail and clarity to permit meaningful appellate review.");

Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009).


### A.  Concentration, Persistence or Pace Limitations

Plaintiff contends that the administrative law judge erred by finding that plaintiff had

moderate limitations in concentration, persistence and pace, but then failing to incorporate

that finding into the residual functional capacity assessment and hypothetical question that

he asked the vocational expert.  This is a problem that has been criticized by the court of

appeals numerous times.  E.g., Lanigan v. Berryhill, 865 F.3d 558, 566 (7th Cir. 2017);

Taylor v. Colvin, 829 F.3d 799, 802 (7th Cir. 2016); O'Connor-Spinner v. Astrue, 627 F.3d

614, 618 (7th Cir. 2010).  The court has explained that both the hypothetical posed to the

vocational expert and the residual functional capacity assessment must incorporate all of the

claimant's limitations supported by the medical record.  Yurt v. Colvin, 758 F.3d 850, 857

(7th Cir. 2014).

In this instance, the administrative law judge's residual functional capacity assessment

limited plaintiff to "simple, routine, and repetitive work," and the administrative law judge's

hypothetical to the vocational expert used the same language.  Plaintiff contends that the

administrative law judge did not explain how these limitations accounted for plaintiff's

moderate limitations in concentration, persistence and pace.  In particular, plaintiff argues

that the administrative law judge's limitation to "simple, routine and repetitive work"

addresses vocational skill, but not concentration, persistence or pace. Plaintiff cites several cases in which the court of appeals has held that the types of limitations the administrative law judge included in his residual functional capacity assessment and the hypothetical question might not address a claimant's general deficiencies in concentration, persistence or pace. O'Connor-Spinner, 627 F.3d at 620; Stewart v. Astrue, 561 F.3d 679, 685 (7th Cir. 2009) (use of term, simple, routine tasks, did not account for limited ability to understand instructions); Craft v. Astrue, 539 F.3d 668, 677-78 (7th Cir. 2008) ("simple, unskilled work" does not account for difficulty with memory, concentration or mood swings); Young v. Barnhart, 362 F.3d 995, 1004 (7th Cir. 2004) ("simple, routine" tasks did not adequately account for "impairment in concentration").

However, the court of appeals explained recently in Jozefyk v. Berryhill, 923 F.3d 492 (7th Cir. 2019), that a finding that a claimant has moderate limitations in concentration, persistence and pace does not require automatically that specific limitations be incorporated into the residual functional capacity assessment. Id. at 498. Instead, the residual functional capacity assessment must "adequately account for the claimant's demonstrated psychological symptoms." Id. In Jozefyk, the court upheld the commissioner's decision because the claimant had not cited any evidence that his specific limitations would prevent him from performing work under the terms of his residual functional capacity assessment. Id.

In addition, the court of appeals has stated that administrative law judges can rely on expert medical opinions in the record to determine whether any specific limitations should be included in a residual functional capacity assessment to account for limitations in

concentration, persistence and pace. Varga v. Colvin, 794 F.3d 809, 816 (7th Cir. 2015) ("[A]n ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations."); Capman v. Colvin, 617 Fed. App'x 575, 579 (7th Cir. 2015) (administrative law judge may reasonably rely on psychologist's "bottom line-assessment" in narrative section of residual functional capacity assessment); Milliken v. Astrue, 397 Fed. App'x 218, 221 (7th Cir. 2010); Johansen v. Barnhart, 314 F.3d 283, (7th Cir. 2002) (in formulating hypothetical for vocational expert, administrative law judge relied reasonably on physician opinion that plaintiff could perform low-stress, repetitive work).

The administrative law judge in this case did not merely assume that limiting plaintiff to simple, routine and repetitive work would account for her limitations in concentration, attention, persistence or pace. Rather, he relied on the expert opinions of a state agency psychologist who reviewed plaintiff's medical records. In particular, the administrative law judge gave great weight to the opinion of a state agency psychological consultant, Dr. Jan Jacobson, who found that although plaintiff had moderate limitations in concentration, persistence and pace, she would still be able to "sustain attention for simple, repetitive tasks for extended periods of two hour segments over the course of a routine workday/workweek within acceptable attention, concentration, persistence and pace tolerances." AR 81. Jacobson also stated that plaintiff would not be able to sustain concentration and persistence for moderately detailed or complex tasks that required sustained attention. Id. The

administrative law judge's residual functional capacity assessment and corresponding hypothetical to the vocational expert reflect Jacobson's opinion.

Plaintiff contends that Dr. Jacobson's narrative does not include the specific moderate limitations that the doctor found with respect to her abilities to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. DeCamp v. Berryhill, 916 F.3d 671, 676 (7th Cir. 2019) ("But even if an ALJ may rely on a narrative explanation, the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms such as the PRT and MRFC forms.").

Plaintiff's argument is not persuasive. Dr. Jacobson noted all of the above moderate limitations in the "sustained concentration and persistence" category of her mental residual functional capacity assessment, which includes limitations related to attention and pace, for which she also completed a narrative statement stating that plaintiff was capable of performing simple, repetitive tasks within acceptable attention, persistence and pace tolerances. Therefore, the administrative law judge could reasonably assume that Dr. Jacobson's narrative statements accounted for all of plaintiff's limitations in attention, concentration, persistence and pace and rely on them in formulating the residual functional capacity assessment and hypothetical question to the vocational expert. Therefore, plaintiff

has failed to show that the administrative law judge's assessment of plaintiff's mental limitations requires remand of this case.

## B. Plaintiff's Subjective Complaints

Plaintiff also contends that the administrative law judge failed to account for her subjective complaints in assessing her residual functional capacity. In her functional report dated September 2015, plaintiff reported that she had constant pain in her back and neck, that her leg "gave out" without warning, that she fell frequently and that her hands were like "clubs." AR 219. She also reported that her depression and anxiety made it difficult to concentrate, affected her memory and gave her unpredictable moods. Id. Plaintiff elaborated on her symptoms at the administrative hearing, stating that she was severely limited in her ability to do anything. She testified that she had stopped working at her part-time job cleaning offices in 2010 because she was physically unable to perform the job. AR 35. She cannot lift a 10-pound bag of potatoes, cannot reach above her head, cannot pour her own coffee because of shakiness and rarely drives. AR 40-42. She can stand only 20 to 30 minutes before having to sit down, can sit 15 to 20 minutes before having to stand and stretch and can walk less than one block before needing to stop and rest. AR 43. Plaintiff testified that there are some days that she cannot leave her bed. AR 46. At the time of the hearing before the administrative law judge, she was taking pain medication and doing physical therapy to address her pain. AR 47.

Plaintiff contends that the administrative law judge failed to address her subjective complaints adequately. However, the administrative law judge acknowledged that plaintiff reported that she was unable to do a wide range of physical activities. AR 24. The administrative law judge discounted plaintiff's allegations in light of the objective medical evidence showing that plaintiff's back and neck problems had generally improved after her surgeries and that her follow-up treatment had been minimal. AR 23. Her treatment records also showed that after her neck surgery, she was doing well, had a full range of motion, complained of pain only occasionally and was able to manage pain with medications. AR 22-23 (noting that plaintiff received no treatment between April 2012 and January 2014); AR 384 (May 2014 exam stating that plaintiff was doing "real well" and had "no significant complaints"); AR 378 (July 2014 exam stating that plaintiff was doing "relatively well" with occasional pain in her neck when she was "too active"); AR 601 (March 2015 exam showing stable symptoms, symmetric strength in her arms and legs); AR 324 (June 2015 record showing "normal physical examination"). As for her mental health, the administrative law judge noted that although plaintiff reported deficits in following instructions, completing tasks, getting along with others, focusing and concentrating, her mental status exams showed that she had normal attention and concentration, was pleasant and cooperative, got along well with staff, was able to respond appropriately to questions and had appropriate grooming and hygiene. AR 19. The administrative law judge also noted that plaintiff was never hospitalized and that her mental status examinations were unremarkable. In sum, the administrative law judge's discussion of plaintiff's subjective

symptoms is adequate and supports the decision that plaintiff is not disabled. Therefore, I will affirm the commissioner's decision denying benefits.

## ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, is AFFIRMED and plaintiff Amy M. Kohlwey's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 24th day of February, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge